# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONNIE WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV408-125 |
| TONY HENDERSON, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, currently confined at Rivers State Prison in Hardwick, Georgia, has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis*. (Docs. 1 & 2.) Because petitioner appears to lack sufficient resources to pay the filing fee, his motion to proceed *in forma pauperis* is **GRANTED**. For the following reasons, however, his case should be **DISMISSED**.

In his § 2254 petition, Williams appears to be attacking the decision of the state habeas court dismissing his state habeas

petition as successive.[1] (Doc. 1 at 4, 8.) Because "an alleged defect in a collateral proceeding does not state a basis for [federal] habeas relief," his claims for relief should be denied. Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (noting that a valid petition must address claims related to the cause of petitioner's detention).

Additionally, and more importantly, this Court lacks jurisdiction to consider Williams' claim as it is his fifth federal habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, amended the federal habeas statute to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being brought in any district court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

---

[1] In ground one of his federal petition, Williams alleges that the "Georgia appellate court's use of [the second or successive petition] rule deprived the petitioner of a fair opportunity to obtain a decision on the merit of his appeal." (Doc. 1 at 8.) In ground two, he asserts that "the state habeas procee[d]ing process has been in[]ef[f]ective to protect" his rights as he "has a right to be heard on the merit of his color[a]ble claim on appeal." (Id.) In both grounds, he claims that the trial court's judgment against him was void for lack of jurisdiction. (Id.)

2

appropriate court of appeals for an order authorizing the district court to consider the application."). The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

The record indicates that petitioner previously filed a § 2254 petition in this Court on August 4, 1995. Williams v. Smith, CV495-176 (S.D. Ga. 1996). The district judge dismissed the petition on July 17, 1996. Id. (doc. 27); Williams v. Johnson, CV402-44 (S.D. Ga. 2002) (doc. 3 at 3). On March 14, 2002, this

3

Court dismissed a second § 2254 petition filed by Williams, challenging his corrected sentence, as successive. Johnson, CV402-44 (doc. 6). On April 14, 2003, Williams filed yet another § 2254 petition challenging his corrected sentence; on October 16, 2003, this Court found that he had procedurally defaulted his claims by failing to raise them in his state habeas petition and, therefore, denied relief. Williams v. Johnson, CV403-069 (S.D. Ga. 2003) (doc. 21). On August 25, 2005, Williams filed yet another § 2254 petition challenging the delay he encountered in the Fulton County Superior Court while awaiting a decision from that court regarding his writ of mandamus. Williams v. Barrow, CV405-167 (S.D. Ga. 2005) (docs. 1, 4). This Court entered an order dismissing his petition since it attacked a state collateral proceeding and was successive. Id. (doc. 4 at 3-4). Accordingly, this appears to be Williams' fifth § 2254 petition regarding his conviction and corrected sentence. Because the instant petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit to file it, this Court is not at liberty to consider it.

Accordingly, the Court should **DISMISS** this petition as successive.

**SO REPORTED AND RECOMMENDED** this <u>22nd</u> day of July, 2008.

*/s/ Signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA